a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| BASIL ARMSTRONG LEDGISTER, Petitioner | CIVIL DOCKET NO. 1:20-CV-01158-P |
| VERSUS | JUDGE DAVID C. JOSEPH |
| WILLIAM JOYCE, *ET AL.*, Respondent | MAGISTRATE JUDGE PEREZ-MONTES |

# REPORT AND RECOMMENDATION

Before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (ECF No. 1) filed by *pro se* Petitioner Basil Armstrong Ledgister ("Ledgister") (A#026193338). Ledgister is a detainee in the custody of the Bureau of Immigration and Customs Enforcement ("ICE"). He is presently detained at the Adams County Correctional Center in Washington, Mississippi. At the time of filing, Ledgister was detained at the Catahoula Correctional Center in Harrisonburg, Louisiana.

Because Ledgister cannot show that his detention is unlawful, his Petition (ECF No. 1) should be DENIED and DISMISSED WITHOUT PREJUDICE.

I. **Background**

Ledgister is reportedly a native and citizen of the Bahamas. Ledgister alleges that he has been in post-removal order detention for more than six months and his removal is unlikely to occur in the reasonably foreseeable future. ECF No. 1.

Ledgister was ordered to amend his Petition to state why his removal is unlikely to occur in the reasonably foreseeable future. ECF No. 7. In his Response

(ECF No. 8), Ledgister alleges that ICE has tried to remove him to the Bahamas and Jamaica, neither of which will accept him. According to his exhibits, on February 12, 2020, the Consular General for the Bahamas denied the issuance of an emergency travel document because Ledgister is not a Bahamian citizen. ECF No. 9 at 12. In 2018, the Embassy of Jamaica rejected Ledgister's request seeking acceptance to live in Jamaica. ECF No. 9 at 22.

However, Ledgister also provides numerous notices documenting Ledgister's failure to comply with his obligation to assist in obtaining a travel document. ECF No. 9 at 7-10. Specifically, Ledgister failed to complete and sign necessary documents for removal on May 6, May 29, June 29, July 7, and August 11, 2020. *Id.*

## II.   Law and Analysis

Ledgsister alleges that his continued detention violates *Zadvydas v. Davis*, 533 U.S. 678 (2001). Under *Zadvydas*, it is presumptively constitutional for an immigration detainee to be detained six months past the 90-day removal period following a final order of removal. *Id.* After the expiration of the six-month period, a detainee may seek his release from custody by demonstrating a "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *Agyei–Kodie v. Holder*, 418 F. App'x 317, 318 (5th Cir. 2011).

However, "[t]he removal period shall be extended beyond a period of 90 days and the alien may remain in detention during such extended period if the alien fails or refuses to make timely application in good faith for travel or other documents necessary to the alien's departure or conspires or acts to prevent the alien's removal

subject to an order of removal." 8 U.S.C. § 1231(a)(1)(C). Thus, the removal period is extended when the alien's conduct causes the delay in removal. *See Gul v. Rozos*, 163 F. App'x 317, 319 (5th Cir. 2006). The exhibits submitted by Ledgister show that he has repeatedly failed to complete and sign documents necessary for obtaining travel documents. Therefore, the removal period has been extended and has not yet expired. Under § 1231(a)(1)(C), Ledgister may remain in detention during this extended period.

Ledgister does not allege how his procedural due process rights have been violated. He argues that ICE does not make neutral and impartial decisions. ECF No. 1 at 6. However, this allegation is conclusory and insufficient to state a constitutional claim. *See, e.g., Chhim v. Univ. of Texas at Austin*, 836 F.3d 467, 469 (5th Cir. 2016) ("We take the well-pleaded factual allegations in the complaint as true, but we do not credit conclusory allegations or allegations that merely restate the legal elements of a claim."); *Andrade v. Gonzales*, 459 F.3d 538, 543 (5th Cir. 2006) ("Andrade has offered nothing beyond his conclusory statements suggesting that he will not be immediately removed. . . ."); *Mora v. Immigration & Naturalization Serv.*, 13-CV-13, 2013 WL 8476412, at *2 (W.D. Tex. Mar. 25, 2013) (even under the rule of liberal construction, "mere conclusory allegations on a critical issue are insufficient.").

Moreover, to the extent Ledgister attempts to challenge his removal order as impartial, his claim is barred by the REAL ID Act. *See Rosales v. Bureau of Immigration & Customs Enf't*, 426 F.3d 733, 736 (5th Cir. 2005) (REAL ID Act

3

divested federal district courts of jurisdiction over § 2241 petitions attacking removal orders); *Perry v. Barr*, 4:19-CV-1302, 2019 WL 6255330, at *3 (S.D. Tex. Nov. 22, 2019).

## III. Conclusion

Because Ledgister cannot show that his detention is unlawful, IT IS RECOMMENDED that his Petition (ECF No. 1) be DENIED and DISMISSED WITHOUT PREJUDICE.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), any party may serve and file with the Clerk of Court written objections to this Report and Recommendation within fourteen (14) days after being served with a copy thereof, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs (such as supplemental objections or reply briefs) may be filed, unless a party shows good cause and obtains leave of court. The District Judge will consider timely objections before issuing a final ruling.

A party's failure to file written objections to the proposed factual findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days after being served with a copy thereof, or within any extension of time granted by the Court under Fed.R.Civ.P. 6(b), shall bar that party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

THUS DONE AND SIGNED in Alexandria, Louisiana, on this 13th day of November 2020.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE